IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW ALAN SMITH,

                      Plaintiff,                    OPINION & ORDER

   v.

                                          14-cv-438-jdp

UNITED PARCEL SERVICE, INC.,

                      Defendant.

---

Pro se plaintiff Matthew Smith filed both a proposed complaint and, on the same day, a proposed "amended complaint" supplementing his first submission (which I will read together as the "complaint"). Dkt. 1 and Dkt. 2. Plaintiff alleges that defendant United Parcel Service, Inc. (UPS) wrongfully terminated him, although his complaint is inconsistent as to *why* the termination was unlawful. Parts of the complaint suggest a breach of contract, others discuss negligence, and still others rely on the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*.

The court granted plaintiff leave to proceed without prepayment of his filing fees. Dkt. 4. The next step in this case is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff has not provided a short and plain statement of a claim for unlawful termination under any of his proposed legal theories. I will therefore dismiss plaintiff's complaint in its entirety, but allow him an opportunity to amend.

ALLEGATIONS OF FACT

Although legible, plaintiff's submissions are neither clear nor coherent. In his complaint, plaintiff alleges that "[t]here was (Negligence in Accommodation and then Termination) between the Plaintiff, UPS, and its Counseling Firm Holland and Hart (Cause UPS)." Dkt. 1, at 2. Plaintiff mentions the ADA, but his complaint also sounds in negligence and in breach of contract. *See id.* ("[T]he relief sought there can be proven through Res Ipsa Loquitor and otherwise."); Dkt. 2 ("The company has broken and deceptively manipulated contract as asserted through all claims."). Plaintiff does *not* allege, however, that he ever worked for UPS. Plaintiff also does not explain when any of the relevant events occurred, what disability UPS allegedly failed to accommodate, or why this case belongs in a federal court in Wisconsin. The first submission alleges that UPS "resides" in Missouri and the second alleges that the company had "offices formerly located in the State of Wisconsin" but presently "resides" in Georgia. Both submissions allege that plaintiff resides in Colorado, although the exact address differs from one submission to the next. At no point in either document does plaintiff identify events or omissions that occurred in Wisconsin.

One fact not discussed in the complaint is that this is not plaintiff's first federal lawsuit against UPS. In fact, he has filed several suits with nearly identical complaints in a number of other districts. *See, e.g.*, *Smith v. United Parcel Serv., Inc.*, No. 14-cv-131 (W.D. Mich. filed June 16, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-1388 (E.D. La. filed June 12, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-109 (D. Alaska filed June 2, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-102 (D. Vt. filed May 15, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-229 (D. Haw. filed May 14, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-744 (C.D. Cal. filed May 13, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-21175 (S.D. Fla. filed April 2, 2014); *Smith v. United Parcel Serv.*, No. 14-cv-951 (N.D. Ga. filed March 31, 2014); *Smith v. United Parcel Serv.*, No. 14-

cv-237 (D. Utah filed March 28, 2014); *Smith v. United Parcel Serv., Inc.*, No. 14-cv-787 (D. Colo. filed March 17, 2014); *Smith v. United Parcel Serv.*, No. 13-cv-1815 (D. Colo. filed July 10, 2013). With the exception of his first case in the District of Colorado, each of these complaints has been dismissed for failure to state a claim, lack of venue, or overall frivolousness. Even in the lone case where plaintiff was permitted to proceed past the screening stage, the court ultimately entered summary judgment in favor of UPS and the Tenth Circuit dismissed his appeal. *See Smith v. United Parcel Serv.*, No. 13-1483, 2014 WL 4377680, at *4 (10th Cir. Sept. 5, 2014).

## ANALYSIS

At this point, it appears that plaintiff's case will meet the same fate in this court as it has in so many other federal district courts. Yet, because I must liberally construe plaintiff's filings, and because it is conceivable that he could plausibly allege a claim for wrongful termination, I will afford plaintiff an opportunity to amend his complaint.

Plaintiff's complaint suffers from several defects, but I will discuss the three most serious deficiencies. First, under Federal Rule of Civil Procedure 8(a), a plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff's complaint does not comply with Rule 8. He offers a series of legal conclusions, but virtually no *facts*, and I will therefore dismiss his complaint. If plaintiff chooses to amend, he must provide fair notice to UPS of the claim he is asserting against the company. He should draft his complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- What was plaintiff's relationship with UPS? Was he an employee, applicant for employment, or a customer?

- What are the facts that form the basis for plaintiff's claim? For example, why does plaintiff believe that UPS failed to accommodate his disability or breached its contract with him?

- When and where did the acts or omissions giving rise to plaintiff's complaint occur?

Plaintiff must set forth these facts in separate, numbered paragraphs, using short and plain statements. He should present his entire complaint in one document.

A second, and related, problem with plaintiff's complaint is that it does not explain why venue is proper in the Western District of Wisconsin. UPS could ultimately waive objections to venue and a district court generally cannot *sua sponte* dismiss a case for improper venue. *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). But a review of the complaint suggests that plaintiff's case would be vulnerable to dismissal for improper venue because there is no allegation of any events or omissions that occurred in Wisconsin. If plaintiff chooses to amend, he should explain why he is bringing his suit in this district.

Finally, in light of plaintiff's substantial and unsuccessful history of filing this exact same complaint in other federal district courts, there is reason to question whether plaintiff's claims are barred by the doctrine of claim preclusion. Again, claim preclusion would be an affirmative defense for UPS to raise, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Plaintiff has filed nearly identical complaints in at least 11 other federal district courts. In the only case where his complaint was not dismissed at the outset, UPS won summary

judgment on all of plaintiff's claims. If plaintiff chooses to amend, he must explain how this case presents different claims from those already decided on the merits in other courts.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew Smith is DENIED leave to proceed on his claims against defendant United Parcel Service, Inc.

2. The complaint, Dkt. 1, and amended complaint, Dkt. 2, are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until December 3, 2014, to file an amended complaint that provides a short and plain statement of his claims against defendant.

3. If plaintiff fails to timely amend his complaint, the court will dismiss this action, with prejudice, for failure to state a claim upon which relief can be granted.

Entered this 3rd day of November, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge